**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO, EASTERN DIVISION**

**COURT FILE NO.:** _____

| | |
|---|---|
| Elma Humphrey<br>4585 West 174th Street<br>Cleveland, OH 44135<br><br>       Plaintiff,<br><br>v.<br><br>Simm Associates, Inc.<br>PO Box 7526<br>Newark, DE 19714-7526<br><br>and<br><br>Account Services<br>1802 Northeast Loop 410, Suite 400<br>San Antonio, TX 78217-5298<br><br>      Defendant(s). | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION**

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff personal and financial privacy by Defendants and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

4.  Plaintiff Elma Humphrey is a natural person who resides in the City of Cleveland, County of Cuyahoga, State of Ohio and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Simm Associates is a collection agency operating from an address of  PO Box 7526, Newark, DE 19714-7526 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.  Defendant Account Services is a collection agency operating from an address of 1802 Northeast Loop 410, Suite 400, San Antonio, TX 78217 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.  Sometime prior to 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an account with Applied Bank, account ending in 5412.

8.  On or about December 11, 2008, with The Palmer Firm acting as her agent, Plaintiff reached an agreement with Defendant Simm Associates, Inc. through its agent to settle the debt for $520.00. Under the terms of this agreement, the $520.00 had to be paid by December 30, 2008.

9.  On December 18, 2008, The Palmer Firm paid this account by check in the amount of $520.00 to Simm Associates, Inc. regarding the Applied Bank account.

10.  On or about March 24, 2010, Defendant Account Services sent Plaintiff a letter alleging amounts due on the settled account.

11.	The above-described collection communication made to Plaintiff by Defendants and other collection employees employed by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692c(5).

12.	The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

13.	Plaintiff has suffered actual damages as a result of this illegal collection communication by these Defendants in the form of fear, nervousness, and restlessness, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

14.	Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### AGAINST ALL DEFENDANTS
### 15 U.S.C. § 1692 et seq.

15.	Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.	The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA.

17.	 Defendant Account Services's actions violated the FDCPA including, but are not limited to, the following:

(a) Attempting to collect a debt amount that is not expressly authorized by an agreement

or permitted by law. 15 U.S.C. § 1692f(1).

18.     Defendant Simm Associates, Inc. actions violated the FDCPA including, but are not
limited to, the following:

(a) making a false representation of the character, amount, or legal status of any debt. 15
USC 1692(e)(2)(a).

(b) Using a false representation or deceptive means to collect or attempt to collect any
debt or to obtain information concerning a consumer. 15 USC 1692(e)(10).

21.  As a result of Defendants violations of the Fair Debt Collection Practices Act, Plaintiff is
entitled to statutory damages and reasonable attorney's fees and costs from Defendants herein.

22. As a result of each and every Defendants violations of the FDCPA, Plaintiff is entitled to any
actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to
$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs
pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

23. As a result of each and every Defendants violations of the FDCPA, Plaintiff has suffered
actual damages by these Defendants in the form of fear, nervousness, and restlessness, amongst
other negative emotions, as well as suffering from unjustified and abusive invasions of personal
privacy.

**SECOND CAUSE OF ACTION**

**BREACH OF CONTRACT AS TO DEFENDANT SIMM ASSOCIATES, INC.**

24. Plaintiff incorporates by reference and realleges each and every allegation contained in
paragraphs 1 through 23 above as though fully set forth herein.

25. On or around December 11, 2008, an agreement was reached between Plaintiff and Defendant Simm Associates in which Simm Associates would consider the Plaintiff's account settled upon the receipt of a payment in the amount of $520.00.

26. Plaintiff has fully performed all conditions, covenants, and promises to be performed under the agreement.

27. Defendant Simm Associates, Inc. breached the contract with Plaintiff by transferring this account to Defendant Account Services even though the account was already satisfied by Plaintiff.

28. As a proximate result of the breach, as herein alleged, Plaintiff has been damaged in an amount according to damages proved in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

-6-

Respectfully submitted,

Dated: February 25, 2011     **Vidmar and Hardesty, Ltd.**

By:  **/s/ Christian Hardesty**
Christian Hardesty
Attorney I.D.#0078289
1971 West Fifth Avenue, Suite 4
Columbus, OH 43212
Telephone:  (614) 543-0369
Facsimile: (614) 543-1306

## VERIFICATION OF COMPLAINT

STATE OF OHIO           )
                               ) ss
COUNTY OF CLEVELAND )

Plaintiff, Elma Humphrey, states as follows:

1.  I am a Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
4.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


/s/ Elma Humphrey_____
Elma Humphrey